IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SIONE FINEFEUIAKI, #A1065183, | ) | CIV. NO. 1:18-cv-00325 JAO-KSC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | IN PART |
| vs. | ) | |
| | ) | |
| MAUI POLICE DEP'T AND POLICE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT IN PART

Before the court is pro se Plaintiff Sione Finefeuiaki's prisoner civil rights

Complaint. ECF No. 1. Finefeuiaki alleges that six unidentified Maui County

Police Department officers (Doe Defendant police officers) violated his civil rights

after he was involved in a car accident and was arrested on or about February 5,

2018.[1]

Finefeuiaki states colorable claims for relief against Doe Defendant police

officers in Counts I and II for the alleged excessive use of force during his arrest.

Finefeuiaki fails to state cognizable claims for relief in Counts III, IV, V, and VI,

---

[1] Finefeuiaki's arrest on Feb. 5, 2018, resulted in charges in *State v. Finefeuiaki*, Cr. No. 2CPC-18-0000092 (Haw. 2d Cir. 2018). *See* State of Hawaii Judiciary Information Management System (JIMS), https://jimspss1.courts.state.hi.us/JIMS. He is also awaiting trial in several other state criminal proceedings.

and these claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b), as discussed below.

## I. <u>STATUTORY SCREENING</u>

Because Finefeuiaki is proceeding in forma pauperis and is a prisoner, the court must screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing § 1915A(b)).

Section 1915 screening involves the same standard of review as that under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening under § 1915A(b)). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Rule 12(b)(6) is read in conjunction with Rule 8(a). *Zixiang Li v. Kerry*, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but a complaint must allege enough facts to provide both "fair notice" of the claim asserted and "the grounds upon which [that claim] rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); *see also Iqbal*, 556 U.S. at 555 (stating Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). The "mere possibility of misconduct" falls short of meeting this standard. *Iqbal*, 556 U.S. at 555; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez*, 203 F.3d at 1130. If the complaint or a claim cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**[2]

Finefeuiaki was in a car accident in Maui on or about February 5, 2018, in which he fractured his spine.  Finefeuiaki alleges that Doe Defendant police officers beat him into unconsciousness while he was trapped in the car, then searched him and his car without a warrant.  He awoke at the hospital, where he discovered that $6,000.00 had been taken from his pocket.

Finefeuiaki was later released into police custody.  He was able to stand for short periods only and alleges that at times he needed help reaching his food and medicine (which were put in his cell), and using the toilet and showering.  Finefeuiaki says Doe Defendant police officers did not assist him and or return him to the hospital when he requested.

While he was in police custody, Finefeuiaki alleges that a Doe Defendant police officer threatened him when he refused to answer questions without an attorney present.  Finefeuiaki seeks damages, dismissal of the unidentified charges, a passport, and immediate deportation to Tonga.

---

[2] Finefeuaki's statement of facts are accepted as true and construed in the light most favorable to him for the purposes of this order.  *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) ("*Nordstrom I*").

# III. **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that a defendant acting under color of state law caused a deprivation of the plaintiff's rights created by federal law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). An individual "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [the individual] is legally required to do that causes the deprivation;" or (2) "set[s] in motion a series of acts by others which the [individual] knows or reasonably should know would cause others to inflict the constitutional injury." *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted).

Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

## A. **Maui County Police Department and Officers in their Official Capacity**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Larez v. City of L.A.*, 946 F.2d

630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166.

There is no respondeat superior liability under § 1983, and a county or municipal actor is liable only for injuries that arise from an official policy or longstanding custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("A municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation.'") (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981)). A plaintiff must allege facts to establish "that a [city or county] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the "standard operating procedure of the local governmental entity.'" *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992); *see also Ziegler v. Indian River Cty.*, 64 F.3d 470, 474 (9th Cir. 1995) (noting county is "not liable for acts of county officials unless the officials' conduct was the consequence of county policy or custom") (citation omitted).

Finefeuiaki identifies no policies or longstanding practices or customs of the Maui County Police Department under which any individual Doe Defendant police officer was allegedly acting that violated his rights. Claims against the Maui County

Police Department and Doe Defendant police officers in their official capacities are DISMISSED.

**B.     Excessive Force:  Counts I and II**

Finefeuiaki alleges Doe Defendant police officers violated the Fourth and Eighth Amendments when they allegedly used excessive force during his arrest. The Eighth Amendment's protection against cruel and unusual punishment does not apply, because Finefeuiaki had not been convicted or sentenced yet.  *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Pierce v. Multnomah Cty., Ore.*, 76 F.3d 1032, 1042 (9th Cir. 1996).  Rather, the Fourth Amendment protects an individual from the use of excessive force during arrest.  *See Graham*, 490 U.S. at 394.

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  "The Fourth Amendment requires police officers making an arrest to only use an amount of force that is objectively reasonable in light of the circumstances facing them."  *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007).  "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment."  *Graham*, 490 U.S. at 396 (internal citation and quotation omitted).  "Force is excessive when it is greater than is reasonable under the circumstances."

*Santos v. Gates*, 287 F.3d 846, 854 (9th Cir. 2002). "The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Lolli v. Cty. of Orange*, 351 F.3d 410, 415 (9th Cir. 2003) (quoting *Graham*, 490 U.S. at 497) (internal quotation marks omitted).

Counts I and II state a colorable excessive force claim against the Doe Defendant police officers who allegedly beat Finefeuiaki into unconsciousness while he was trapped in his car, neither resisted nor attempted to flee, and was obviously injured. After Finefeuiaki identifies the Doe Defendant police officers allegedly liable for these claims, they may be served.

### 1. *Doe Defendants*

Rule 10(a) of the Federal Rules of Civil Procedure requires a plaintiff to include the names of the parties sued in the action. The use of doe defendants is generally disfavored in federal court because the United States Marshal cannot serve a summons and complaint on an anonymous defendant. *See Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, and so on, but he must allege sufficient facts to show how each doe

defendant individually violated his constitutional rights. If the plaintiff does so, he may be given leave to obtain the names of doe defendants during discovery and seek leave to amend to name those defendants, unless it is clear that discovery will not uncover their identities, or that the complaint will be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

Finefeuiaki identifies the Doe Defendants allegedly liable for Counts I and II as the police officers who arrived at the scene of the car accident on February 5, 2018, and arrested him. He fails to differentiate between the six Doe Defendant police officers, however, making it unclear whether he alleges that all six Doe Defendant police officers assaulted him, or only one or two did so. Finefeuiaki is NOTIFIED that Counts I and II cannot be served until he identifies the Maui County Police Department Doe Defendant police officers who are allegedly liable.

## C. Illegal Search and Seizure: Counts III and IV

In Count III, Finefeuiaki says that $6,000 was missing from his pocket when he awoke at the hospital; he concludes that Doe Defendant police officers stole this money. In Count IV, Finefeuiaki alleges that Doe Defendant police officers searched him and his car while he was unconscious without consent or a warrant. Finefeuiaki alleges these acts violated the Fourth Amendment.

Whether a search or seizure is lawful under the Fourth Amendment depends on whether there were reasonable grounds for suspicion at the time of the search or seizure. *United States v. Mendenhall*, 446 U.S. 544, 571 (1980). Because Finefeuiaki provides no further details about the alleged loss of his money and illegal search, the court is unable to reasonably infer more than the "mere possibility of misconduct" by someone. *Iqbal*, 556 U.S. at 555. Finefeuiaki admits that he was unconscious when the money was taken. He cannot, therefore, definitively state that Doe Defendant police officers took it, rather than the emergency medical team who transported him to the hospital, or hospital staff who also had access to his clothing while he was unconscious. Counts III and IV are simply threadbare, conclusory allegations without plausible supporting facts and are DISMISSED for failure to state a claim.

### 1. *Younger Abstention*

Even if Finefeuiaki can amend Counts III and IV to allege sufficient facts to support a Fourth Amendment violation, the court will be required to abstain from adjudicating them under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that a federal court is prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" warranting federal intervention. *Id.* at 43-54; *see also Gilbertson v.*

*Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding Younger abstention applies to damages actions as well as actions for injunctive or declaratory relief); *Char v. Simeona*, 2018 WL 4323894, at *4 (D. Haw. Sept. 10, 2018). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008).

Younger abstention is appropriate when: (1) state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims at issue. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003). If these elements are present, a federal court may exercise its jurisdiction only when the state proceedings are conducted in bad faith or extraordinary circumstances exist. *Baffert*, 332 F.3d at 617.

Finefeuiaki is a pretrial detainee awaiting prosecution on charges related to his illegal search and seizure claims. Hawaii has an important interest in enforcing its criminal laws and maintaining the integrity of its criminal proceedings. *See People of State of Cal. v. Mesa*, 813 F.2d 960, 966 (9th Cir. 1987) ("[A state's] ability to protect its citizens from violence and other breaches of the peace through

enforcement of criminal laws is the centermost pillar of sovereignty."). Finally,

Finefeuiaki can raise these constitutional challenges to his arrest and prosecution in

the state court and he alleges no extraordinary circumstances warranting federal

intervention. Younger abstention applies here.

### 2. *Heck v. Humphrey*

Further, relief is barred on Counts III and IV until Finefeuiaki's state criminal

charges have been dismissed or, if he is convicted, that conviction is invalidated.

*See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[S]tate prisoner's § 1983

actions is barred (absent prior invalidation) – no matter the relief sought (damages

or equitable relief), no matter the target of the prisoner's suit (state conduct leading

to conviction or internal prison proceedings) – *if* success would necessarily

demonstrate the invalidity of confinement or its duration.") (emphasis in original);

*Heck v. Humphrey*, 512 U.S. 477 (1994); *Harvey v. Waldron*, 210 F.3d 1008,

1015 (9th Cir. 2000) (holding illegal search and seizure claims brought under § 1983

do "not accrue under *Heck* until the criminal charges have been dismissed"),

*overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-394

(2007). Under *Heck*:

> to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983

plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

512 U.S. at 486-87 (footnote omitted). *Heck* specifically addresses actions that do not seek damages directly attributable to a conviction or confinement, as here, "but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful." *Id.* at 486, n.6 (explaining that a Fourth Amendment claim seeking damages for an illegal search and seizure is barred in a § 1983 action if the plaintiff would have to negate an element of the offence of conviction).

Counts III and IV appear to be barred by *Heck* and its progeny and must be DISMISSED without prejudice until Finefeuiaki's related criminal charges are dismissed, if he is convicted, his conviction is overturned or otherwise invalidated.

### 3. *Due Process*

To the extent Finefeuiaki challenges only the deprivation of his $6,000 under the Due Process Clause of the Fourteenth Amendment, and that money has no relation to his pending charges, he fails to state a claim. Neither negligent nor "unauthorized intentional deprivations of property give rise to a violation of the Due Process Clause if the state provides an adequate postdeprivation remedy."

13

*Hudson v. Palmer*, 468 U.S. 517, 533 n.14 (1984). Finefeuiaki does not allege that his money was taken pursuant to a Maui County Police Department policy or was otherwise authorized by law. Rather, he alleges that Doe Defendant police officers stole his money. Hawaii law provides an adequate post-deprivation remedy for the loss of this property. *See* Haw. Rev. Stat. § 662-2; *cf. Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (per curiam) (analyzing prisoner's due process claim under California's tort statutes).

Counts III and IV are DISMISSED without prejudice, but without leave to amend, because Finefeuiaki cannot overcome *Heck*'s bar on these claims.

## E.    Medical Care:  Count V

Finefeuiaki alleges Doe Defendant police officers did not assist him with eating, showering, accessing his medicine, and using the toilet, and refused his request to return to the hospital.

Because Finefeuiaki is a pretrial detainee, these claims are evaluated under the Fourteenth Amendment's objective deliberate indifference standard, rather than under the Eighth Amendment's subjective standard. *See Gordon v. Cty. of Orange*, 888 F.3d 1118, 1120, 1124 (9th Cir. 2018) (holding that an objective indifference standard applies to denial of medical care claims and generally to all government actions taken against a pretrial detainee); *see also Shorter v. Baca*, 895

F.3d 1176, 1190 (9th Cir. 2018) (remanding for consideration of a pretrial detainee's medical care claims under *Gordon*'s objective standard).

A pretrial detainee's medical care claim must show that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined, (ii) those conditions put the plaintiff at substantial risk of suffering serious harm, (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved, making the consequences of the defendant's conduct obvious, and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125. The "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quoting *Castro*, 833 F.3d at 1071) (further citations omitted). A pretrial detainee "must 'prove more than negligence but less than subjective intent – something akin to reckless disregard.'" *Id.*

Finefeuiaki alleges insufficient facts to show that any Doe Defendant police officer made an intentional and objectively unreasonable decision to place him in conditions that put him at substantial risk of suffering serious harm, and failed to take reasonable measures to abate such a risk. First, medical personnel released Finefeuiaki from the hospital into police custody, which suggests that a *medical*

15

decision was made at the hospital that Finefeuiaki was stable enough for release to police custody. Finefeuiaki does not allege that any Doe Defendant police officers were medical providers with the authority to countermand this medical decision or to return him to the hospital at his request. Rather, Finefeuiaki apparently disagrees with the medical decision to release him into police custody. But "a difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014).

Second, Finefeuiaki states that he was able to stand for short periods and does not allege that he was under medical restrictions that Doe Defendant police officers were aware of and intentionally chose to ignore. If there were no medical restrictions and the Doe Defendants observed Finefeuiaki walking, they may have been unaware that he required more assistance than delivering his food and medicines into his cell, where a toilet and sink were available.

Finefeuiaki does not allege that he ever requested assistance from specific Doe Defendants on specific dates, when he was unable to take reach his food, medicine, or toilet care, or needed to shower, and Doe Defendants refused to help

him.  Finefeuiaki simply says that his food and medicine were out of his reach in his cell on occasion, and he urinated in his bunk once, but no one helped him clean up. This is insufficient to show that any specific Doe Defendant knew that he needed help and refused to assist him.   Moreover, Finefeuiaki fails to allege that he suffered any injury beyond urinating on himself once, which may have been an unfortunate accident.  While Doe Defendants may have acted negligently or without due care, the facts as alleged do not show that they acted with reckless disregard to a substantial risk of serious harm to Finefeuiaki.

Count V is DISMISSED without prejudice for failure to state a claim.

## F.	Retaliation:  Count VI

While in police custody, Finefeuiaki refused to make a statement without an attorney present.  *See Compl.*, ECF No. 1, PageID #10.  Finefeuiaki claims that the Doe Defendant police officer who questioned him retaliated by saying that Finefeuiaki was lucky, because if he was "on the streets he would had me dead." *Id.*

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and

17

(5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Finefeuiaki fails to allege that the Doe Defendant police officer took *any* adverse action based on Finefeuiaki's invocation of his right to remain silent, beyond this vague threat and alleges nothing showing this threat chilled the exercise of his First Amendment rights.

Count VI is more aptly viewed as a vague, undefined threat intended to persuade Finefeuiaki to answer questions in violation of his right to remain silent under the Fifth Amendment . First, threats and verbal harassment standing alone fail to state a colorable constitutional claim under § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (holding that prison guard's use of "vulgar language" toward a prisoner did not violate the Constitution); *see e.g.*, *Austin v. Terhune*, 367 F.3d 1167, 1171-72 (dismissing allegations of "mere verbal sexual harassment" under the Eighth Amendment); *Blueford v. Prunty*, 108 F.3d 251, 254-55 (9th Cir. 1997) (granting qualified immunity to guard who engaged in "vulgar same-sex trash talk" with inmates).

Second, Finefeuiaki invoked his right to remain silent and does not allege that he was compelled to make a statement. Therefore, he suffered no constitutional injury. And, if he did make a statement against his will, that claim would also be barred from review at this time under Younger and Heck.

Count VI is DISMISSED without prejudice for failure to state a claim.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED in part with leave granted to amend those claims that are dismissed without prejudice. Finefeuiaki may file an amended complaint on or before November 2, 2018, that cures the deficiencies in claims dismissed without prejudice and identifies Doe Defendant police officers allegedly liable for each claim with more particularity. He must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule LR10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended

complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cty*, 693

F.3d 896, 928 (9th Cir. 2012).

**IN THE ALTERNATIVE**, Finefeuiaki may elect to stand on his claims

against Doe Defendant Maui County Police Officers in Counts I and II.  On receipt

of written notification of such election, **or if Finefeuiaki fails to timely submit an**

**amended complaint by November 2, 2018**, the court will deem the Complaint, as

limited to Counts I and II, suitable for service on the appropriate Doe Defendant

police officers and allow Finefeuiaki to conduct limited discovery to identify these

Doe Defendants.[3]

## V.  CONCLUSION

(1)  The Complaint is DISMISSED IN PART for failure to state a claim

pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  Specifically, Finefeuiaki's

claims against all Doe Defendant police officers named in their official capacities,

and Counts III-VI are DISMISSED without prejudice.

(2)  Finefeuiaki may file an amended pleading that cures the deficiencies in

Counts III-VI on or before November 2, 2018.

---

[3] By electing to stand on certain claims and have them served, Finefeuiaki is not foreclosed from raising claims dismissed without prejudice in an amended pleading subject to the requirements of Fed. R. Civ. P. 15.

(3) IN THE ALTERNATIVE, Finefeuiaki may notify the court in writing on or before November 2, 2018, that he elects to stand on his claims in Counts I and II, and the court will allow him to conduct limited discovery aimed at identifying the Doe Defendant police officers allegedly liable. After Finefeuiaki identifies these Doe Defendants, the court will direct service of Counts I and II on the identified police officers.

(4) The Clerk is directed to sent Finefeuiaki a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 3, 2018.

Jill A. Otake
United States District Judge

*Finefeuiaki v. Maui Police Dep't.,* 1:18-cv-00325 JAO-KSC; Order Dismissing Complaint in Part; scrn '18 Finefeuiaki 18-325 jao (excv forc, med care, prop, retal)